

FILED
8/12/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC LEON CHRISTIAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:21-cv-02003 (UNA) |
| RICHARD BOULWARE, JR., *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint pursuant to Fed. R. Civ. P. 8(a), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

Plaintiff, who appears to be a resident of Las Vegas, Nevada, sues in their official capacities, a United States District Judge of the United States District Court for the District of Nevada, the Clerk of Court of the District of Nevada, and the former United States Attorney for the District of Nevada. *See* Template Complaint ("Templ. Compl."), ECF No. 1, at 2–3, 6. The complaint is difficult to follow. Plaintiff is seemingly aggrieved regarding the pendency and/or the outcome of various respective civil and criminal matters, all filed in and/or adjudicated by the District of Nevada and/or United States Court of Appeals for the Ninth Circuit. *See id.* at 3–5; Supplemental Complaint ("Supp. Compl."), ECF No. 1-1, at 1–6. His myriad allegations include: (1) "years of court delays;" (2) his "statutory right to Victim Compensation Fund payouts from the Nevada  U.S. Attorney[']s Office;" (3) "the District Court of Nevada[']s] . . . seizure" of his real

and personal property, and; (4) an excessive sentence that was extended based on the mishandling of various criminal and post-conviction matters. *See* Templ. Compl. at 3. He purports to bring this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), *id.* at 3–4, and demands billions in damages, as well as an order granting him types of property, *see* Supp. Compl. at 5.

Plaintiff faces several hurdles that he cannot overcome. First, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Plaintiff's complaint falls within this category.

Second, to the extent that plaintiff seeks to revisit or intervene in other legal proceedings, or review judicial determinations rendered in other federal courts, this court lacks jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Third, while the specific claims and allegations against the named United States Attorney are ambiguous, "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).

Fourth, Judges are absolutely immune from suits for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). It is also well-settled that clerks and other court employees are immune from suit for actions done in a judicial or quasi-judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C. Cir. 1994); *Sindram*, 986 F.2d at 1460; *Hilska v. Suter*, 2008 WL 2596213 (D.D.C. 2008), *aff'd*, 308 Fed. Appx. 451 (D.C. Cir. 2009).

Last, it is notable that any connection between these claims and the District of Columbia is entirely unclear, particularly because plaintiff admits that "all events have happened within or through the federal courthouse located at 333 Las Vegas Blvd. Las Vegas, NV[,] which is the United States Congressional District of Nevada." Templ. Compl. at 4. Consequently, venue here is improper, *see* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a), and the ability of this court to exercise personal jurisdiction over these defendants is, at best, uncertain, *see* Fed. R. Civ. P.

12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310, 316 (1945) (holding that due process of law requires that, in order to subject a defendant to a judgment *in personam*, the defendant must either (1) be present within territory of forum, or (2) have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice) (citations and internal quotation marks omitted)).

  For all of the aforementioned reasons, this case will be dismissed. A separate order of dismissal accompanies this memorandum opinion.


Date: August 12, 2021        /s/_____
                EMMET G. SULLIVAN
                United States District Judge